IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOYCE MARTIN,

                Plaintiff,

v.                                                                                                  CIVIL ACTION NO.   3:19-0027

ALDI, INC. (Ohio),

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiffs' Motion for Sanctions for the Spoliation of Surveillance Footage (ECF No. 82) and Defendant's Motion to for Partial Summary Judgment (ECF No. 77). The claims are now ripe for review. For the following reasons, the Court **DENIES** the Motion for Sanctions and **GRANTS** the Motion for Partial Summary Judgment.

**I. BACKGROUND**

On November 15, 2016, Plaintiff Joyce Martin visited an Aldi grocery store, walked past checkout lane four, and slipped on the floor. Defendants produced one surveillance video depicting a customer spilling a soda bottle in that area about ten to fifteen minutes before Ms. Martin's fall. A little over a minute after the spill, two Aldi employees started mopping the aisle and directing customers out of the lane. Though the video does not show the end of the aisle where Plaintiff fell, witness testimony indicates that the Aldi employees left the mop bucket, which displayed a "wet floor" warning, in the area to indicate that the floor was wet. Ms. Martin's daughter, Ms. McKinney, testified that she saw the mop and bucket at the end of one of the checkout lanes though she could not remember which one. She also testified that she saw that the floor was wet and that

it appeared to have some soap residue.

After Plaintiff's fall, the Aldi manager completed incident and accident reports. Aldi employees also quickly contacted their insurance agents and completed risk assessments. On December 7, 2016, Plaintiff's counsel sent Aldi a letter requesting that it preserve store surveillance video, among other things. After Plaintiff filed suit, she requested all video surveillance from that day. However, Defendant only produced one 30-minute clip. Defendant's witness testified that at least eight cameras were working that day, and it is undisputed that seven of the eight footages were lost.

## II. DISCUSSION

A. Sanctions for Spoliation

At the time of Plaintiff' fall, the Aldi store in Huntington had eight surveillance cameras, each with different angles. According to Defendant, the cameras are directed at different areas of the store, including the store entrance, register 1-4, register 4-1, the special buy aisle, the office, the back of store facing aisle 1, the back of store facing aisles 3 and 4, and the back room. Plaintiff seeks sanctions on the grounds that Aldi did not preserve footage from all eight camera angles and asks the court to dismiss Defendant's affirmative defenses, or in the alternative, for an adverse inference "that all evidence that would have been unfavorable to Aldi." Pl.'s Mot. 8.

Spoliation of evidence refers to "the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir.2001) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir.1999)). In the Fourth Circuit, a District Court may impose sanctions such as dismissal or adverse inference against a party who fails to preserve or produce evidence. *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir. 2004)

(citations omitted). To justify sanctions, the moving party must show that the opposing party knew that the evidence was relevant to an issue at trial and willfully acted to destroy it. *Id.* (citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995)). In the context of spoliation, lost evidence is relevant if "a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it." *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 509 (D. Md. 2009).

Here, Plaintiff has not produced evidence indicating which camera angles contained relevant footage. It is not due to a lack of opportunity to do so. According to Defendant, on January 13, 2020, Plaintiffs' counsel performed an onsite inspection of the Aldi store and Defendant's corporate witness, Mr. Mosher, described each camera angle to him. Yet it seems that Plaintiff's counsel did not solicit any testimony during Mosher's deposition about which camera angle would have produced relevant footage. The testimony from Mosher and other employees support the opposite conclusion—that no other camera angle in the store that would have shown the Plaintiff's fall or the surrounding events. Although it is true that Plaintiff cannot be expected the detail the relevance of evidence she does not have, she must make at least a plausible showing that the destroyed surveillance footage would have been relevant to justify sanctions. She has not done that here, so the Court must deny her motion.

B. Summary Judgment

Defendant's Motion for Partial Summary Judgment seeks dismissal of Plaintiff's punitive damages claim. Under West Virginia law, a jury may assess punitive damages in tort actions where the defendant's conduct constitutes "gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it." *Mayer v. Frobe*, 22 S.E. 58 (W. Va. 1895); *Goodwin v.*

*Thomas*, 403 S.E.2d 13, Syll. 1 (W. Va. 1991).

Plaintiff claims that the motion should be denied because the surveillance footage shows that Defendant's employees demonstrated a "blatant disregard for customer safety." However, Plaintiff does not point to any specific actions within that footage. Upon review of the record, the Court cannot identify any evidence that Defendant's employees acted recklessly, maliciously, or intentionally to harm Plaintiff. At worst, Defendant might have failed to completely clean the soap on the floor and to properly display a "wet floor" sign. These failures are insufficient to warrant punitive damages. Therefore, the Court grants the motion for summary judgment.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion for Sanctions (ECF No. 82) and **GRANTS** Defendant's Motion to for Partial Summary Judgment (ECF No. 77).

The Clerk is **DIRECTED** to send a copy of this opinion to all counsel of record and any unrepresented parties.

ENTER: February 5, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE